Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES ALSINA & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY HAYES, | CASE NO.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| PRINCESS CRUISE LINES, LTD. and DOES 1 – 10, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AUDREY HAYES, brings this action individually.  This action is brought against Defendant, PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), and Defendants, DOES 1 – 10, for personal injuries sustained by Plaintiff, AUDREY HAYES. Plaintiff, AUDREY HAYES, seeks damages and demands a jury trial on all issues so triable against Defendants.

1

## Jurisdiction

1.      This is an action arising under general maritime law and the laws of California, as applicable.

2.      The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3.      This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.      Defendant PRINCESS, at all times material hereto, personally or through an agent:

a.      Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.      Was engaged in substantial activity within this state;

c.      Operated vessels in the waters of this state;

d.      Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state,

2

thereby obtaining the benefits and protections of the state's laws;

e. The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

## The Parties

5. At all times material, the Plaintiff, AUDREY HAYES, is and was a citizen of Florida.

6. At all times material, Defendant PRINCESS is and was a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles, California.

7. At all times material, Defendant PRINCESS is and was a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Miami, Florida.

8. At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Miami, Florida.

9. At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Crown Princess* (hereinafter the subject vessel).

3

10.   At all times material, Defendant, PRINCESS, transported fare-paying passengers on cruises aboard its vessel *Crown Princess*, including Plaintiff.

11.   Plaintiff does not know the true names and capacities of Defendants collectively identified as DOES 1 – 10 sued herein, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes that each of the Doe Defendants was in some manner legally responsible for the damages alleged below. The Plaintiff will amend this Complaint to set forth the true names and their respective capacities when ascertained, along with the appropriate charging allegations.

12.   Plaintiff is informed and believes, that all Defendants, including those sued as DOES 1 – 10, were and are the agents, alter egos, partners, joint venturers, principals, shareholders, servants, and employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting in the course and scope of their authority as such agents, alter egos, partners, joint venturers, principals, shareholders, servants, and employees and the like with permission, ratification or consent of their co-Defendants and thus are legally liable for the damages resulting from the acts or omissions of the others.

## General Allegations

13.   At all times material, the Plaintiff was a fare paying passenger and lawfully aboard the vessel *Crown Princess*.

14.   On or about January 22, 2019, the Plaintiff was injured in a hallway

4

when she tripped and fell as she was attempting to enter a theatre aboard the vessel.[1]

15.     Plaintiff's injury occurred as a result of, but not limited to, the presence of the following dangerous conditions aboard the vessel at the time of the subject incident: (1) the lack of and/or inadequacy of handrails in the subject hallway; (2) Defendants' failure to safely maintain the subject hallway, which resulted in the presence of fringe pieces of carpet that created tripping hazards for passengers, such as Plaintiff; (3) the unreasonable steepness of the incline present in the subject hallway, which was too steep and/or difficult to traverse for people of older age and/or with physical handicaps, like Plaintiff; (4) the inadequate lighting provided in the subject hallway; and (5) Defendants' failure to provide ushers to assist passengers traverse the subject hallway.

16.     These dangerous conditions were either created by the Defendants and their employees or had been in place for a sufficient period of time so that the Defendants knew or should have known about them through the exercise of reasonable care.

17.     Discovery in this matter will reveal that Defendants had actual and/or constructive knowledge of the dangerous conditions outlined above based upon prior incidents resulting in personal injuries to Defendants' passengers, and those prior incidents were substantially similar to Plaintiff's incident here, such that,

---

[1] The Parties' respective counsel previously agreed to extend the limitations period of Plaintiff's claims to April 21, 2020.

Plaintiff's Complaint and Demand for Jury Trial

Defendants, in the exercise of reasonable care, knew and/or should have known of these dangerous conditions and should have taken corrective measure to remedy them before Plaintiff's injury-producing incident.

18.     Alternatively, the Defendants and/or their employees, at all material times, undertook a duty to maintain the subject hallway to ensure that passengers, including the Plaintiff, could safely pass traverse the area without sustaining injuries; thereby, Defendants acquired a duty to exercise reasonable care in those undertakings.

19.     The dangerous conditions outlined above were not open and/or obvious to any reasonable person, including Plaintiff, and there were no warning signs present to alert the Plaintiff of the same.

20.     As a result of the negligence of Defendants, its vessel and/or crew, the Plaintiff sustained serious, permanent and debilitating injuries to her left arm and hand, which required surgery and extensive ongoing medical care.

**FIRST CAUSE OF ACTION**
**GENERAL MARITIME NEGLIGENCE AGAINST DEFENDANTS**

21.     Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, and alleges as follows:

22.     At all times material, Defendants owed the Plaintiff a non-delegable duty to exercise reasonable care required of an ocean common carrier for the safety of a fare-paying passenger, including Plaintiff.

23.     Alternatively, at all material times, Defendants and/or their employees, engaged in certain affirmative undertakings, as alleged herein, and in doing so, acquired a duty to exercise reasonable care in those undertakings.

24.     On or about January 22, 2019, the Defendants and/or their agents, servants, joint venturers and/or employees, breached their duty to provide the Plaintiff with reasonable care under the circumstances and the Plaintiff was injured, due to the fault and/or negligence of Defendants and/or their agents, servants, joint venturers and/or employees, as a result of, but not limited to, the following:

a.     Failure to provide its passengers, including the Plaintiff, with reasonable care under the circumstances;

b.     Failure to provide a reasonably safe place to walk as it pertains to the subject hallway;

c.     Failure to equip and/or adequately equip the subject hallway with hand rails to assist passengers, including Plaintiff, in traversing the subject hallway;

d.     Failure to promulgate and/or enforce adequate procedures with regard to providing assistance to elderly and/or handicap passengers, including Plaintiff, in and out of the theatre in a safe manner, including the provision of ushers to assist passengers, including Plaintiff, traverse the subject hallway;

e.     Failure to ensure that the subject hallway was not unreasonably steep

7

for passengers' use;

f.   Failure to ensure that the subject hallway was reasonably lit so that passengers, including Plaintiff, could safely traverse the subject hallway;

g.   Failure to promulgate and/or enforce adequate maintenance procedures to keep the subject hallway free of carpet fringes which presented tripping hazards;

h.   Failure to man the subject hallway was any and/or a sufficient amount of staff and/or ushers to assist passengers, including Plaintiff, traverse the subject hallway and/or monitor the area for tripping hazards;

i.   Failure to promulgate and/or enforce adequate policies and/or procedures with regard to detecting and preventing incidents, such as the Plaintiff's, from occurring on its vessels, including but not limited to the *Crown Princess*.

j.   Failure to correct the dangerous or hazardous conditions which caused the Plaintiff to suffer her incident, as outlined above;

k.   Failure to eliminate or modify the dangerous or hazardous conditions which caused the Plaintiff to suffer her injuries;

l.   Failure to properly train and/or instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous conditions;

m.   Failure to ascertain the cause of prior similar accidents happening on

8

any of the Defendants' vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured;

n.    Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

25.    At all material times, Defendants had exclusive custody and control of the above-named vessel.

26.    As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

//

//

## SECOND CAUSE OF ACTION
## <u>NEGLGIENT FAILURE TO WARN AGAINST DEFENDANTS</u>

27.   Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, and alleges as follows:

28.   At all times material, Defendants owed the Plaintiff a non-delegable duty to exercise reasonable care required of an ocean common carrier for the safety of a fare-paying passenger, including Plaintiff.

29.   At all times material hereto, it was the duty of Defendant to warn passengers, including Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers are invited to or may reasonably be expected to visit.

30.   On or about January 22, 2019, the Defendants and/or their agents, servants, joint venturers and/or employees, breached their duty to provide the Plaintiff with reasonable care under the circumstances, and the Plaintiff was injured, due to the fault and/or negligence of Defendants and/or their agents, servants, joint venturers and/or employees, as a result of, but not limited to, the following:

a.   Failure to warn and/or sufficiently warn the Plaintiff of the dangerous conditions outlined above pertaining to the subject hallway, namely: (1) the lack of and/or inadequacy of handrails in the subject hallway; (2) Defendants' failure to safely maintain the subject hallway, which resulted in the presence of fringe pieces of carpet that created tripping

Plaintiff's Complaint and Demand for Jury Trial

hazards for passengers, such as Plaintiff; (3) the unreasonable steepness of the incline present in the subject hallway, which was too steep and/or difficult to traverse for people of older age and/or with physical handicaps, like Plaintiff; (4) the inadequate lighting provided in the subject hallway; and (5) Defendants' failure to provide ushers to assist passengers traverse the subject hallway;

b.      Failure to warn passengers and the Plaintiff of other similar injury-producing incidents which previously occurred in the same area, on same deck and/or in the same hallway as Plaintiff's incident;

31.     At all material times, Defendants had exclusive custody and control of the above-named vessel.

32.     As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

11

**THIRD CAUSE OFACTION**
**NEGLGIENT FAILURE TO MAINTAIN AGAINST DEFENDANTS**

33.     Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, and alleges as follows:

34.     At all times material, Defendants owed the Plaintiff a non-delegable duty to exercise reasonable care required of an ocean common carrier for the safety of a fare-paying passenger.

35.     Alternatively, at all material times, Defendants and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

36.     On or about January 22, 2019, the Defendants and/or their agents, servants, joint venturers and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and the Plaintiff was injured, due to the fault and/or negligence of Defendants and/or their agents, servants, joint venturers and/or employees, as a result of, but not limited to, the following:

a.     Failure to maintain the area where the Plaintiff's incident occurred in a reasonably safe condition;

b.     Failure to maintain the area where the Plaintiff's incident occurred free from unreasonably dangerous conditions, namely: (1) the lack of and/or inadequacy of handrails in the subject hallway; (2) Defendants' failure to safely maintain the subject hallway, which resulted in the presence

of fringe pieces of carpet that created tripping hazards for passengers, such as Plaintiff; (3) the unreasonable steepness of the incline present in the subject hallway, which was too steep and/or difficult to traverse for people of older age and/or with physical handicaps, like Plaintiff; (4) the inadequate lighting provided in the subject hallway; and (5) Defendants' failure to provide ushers to assist passengers traverse the subject hallway;

c.   Failure to routinely inspect the area on a reasonably timely basis to identify dangerous conditions, including, but not limited to those outlined above;

d.   Failure to provide proper maintenance to the existing carpet on/around the subject hallway to prevent it from becoming fringed.

37.   At all material times, Defendants had exclusive custody and control of the above-named vessel.

38.   As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and

transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

**FOURTH CAUSE OF ACTION**
**MEDICAL NEGLGIENCE AGAINST PRINCESS**
<u>**UNDER A THEORY OF VICARIOUS LIABILITY**</u>

39.    Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, and alleges as follows:

40.    At all times material, Defendants owed the Plaintiff a non-delegable duty to exercise reasonable care required of an ocean common carrier for the safety of a fare-paying passenger.

41.    On or about January 22, 2019, and after Plaintiff sustained her injury, she reported to the medical facility aboard the ship for medical treatment. Although medical professionals aboard PRINCESS' vessel performed an x-ray(s) of Plaintiff's injured right shoulder, but failed to detect that she had fractures same in multiple places. PRINCESS' and/or its agents' failure to timely and/or properly diagnose Plaintiff's injuries caused her to suffer additional pain and/or injuries.

42.    As part of providing vacation cruises, PRINCESS advertised, marketed and promoted that a competent physician and ship's medical center are available in the event passengers need medical care for customary charges.    PRINCESS represented that its onboard medical facilities "meet or exceed the standards established by the American College of Emergency Physicians."    PRINCESS

14

further advertised, marketed and promoted that as a member of Cruise Line International Association, and it had adopted the Cruise Industry Passenger Bill of Rights which guarantees its passengers, including the Plaintiff, the right to have "full-time, professional emergency medical attention."

43. PRINCESS employed and/or contracted with and/or provided the Medical Staff on board the vessel in connection with its operation of the vessel as part of PRINCESS's business of operating cruise ships and not solely for the convenience of passengers.

44. At all times material, the PRINCESS relied upon and directed the Medical Staff to perform specified duties to assist them in complying with its regulatory duties and obligations, including but not limited to those set forth by the U.S. Public Health Service, Drug Enforcement Agency, Coast Guard and Center for Disease Control. PRINCESS also relied upon and directed Medical Staff to fulfill the requirements of the vessel's flag state, to carry a licensed physician as well as those of the United States under both the Cruise Vessel Safety and Security Act, and the general maritime requirement of maintenance and cure owed to its seamen operating the vessel.

45. At all material times, PRINCESS charged money to passengers for the medical services it provided. Thereby, PRINCESS is in the business of providing medical services to passengers for profit, and/or PRINCESS is in the business of operating a floating hospital for their own profit. Herein, PRINCESS charged Plaintiff

15

a fee for the medical treatment performed by the Medical Staff aboard its vessel and for the medicine provided to the Plaintiff. All of the charges for the medical treatment and medicine were charged directly to Plaintiff's onboard credit program (or the equivalent shipboard credit card) linked to PRINCESS.

46.    PRINCESS is in the business of providing medical care. Like other amenities offered aboard its vessels, PRINCESS also offers to passengers modern medical facilities onboard its ships for profit.  *See, Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1244 n. 14 (11th Cir. 2014)

47.    On or about January 22, 2019, Defendant, PRINCESS, employed medical personnel aboard the subject vessel and shoreside as ship's doctor(s) and ship's nurse(s).

48.    At all times material hereto, Defendant, PRINCESS' doctor(s) and nurse(s), shipboard and shoreside, were the agents, apparent agents, servants, and/or employees of Defendant, PRINCESS.

49.    At all times material hereto, Defendant, PRINCESS' doctor(s) and nurse(s) were subject to the control and/or right to control by Defendant, PRINCESS.

50.    At all times material hereto, Defendant, PRINCESS' doctor(s) and nurse(s) were acting within the scope of their employment and/or agency, to which Defendant, PRINCESS was the principal.

51.    At all times material hereto, Defendant, PRINCESS, acknowledged that

16

its doctor(s) and nurse(s) would act on Defendant, PRINCESS' behalf, and all Defendant, PRINCESS' doctor(s) and nurse(s) accepted the undertaking.

52.    At all times material hereto Defendant, PRINCESS, owned, operated, managed, maintained and/or controlled the medical department onboard the subject vessel.

53.    At all times material hereto, Defendant, PRINCESS, owned, operated, managed, maintained and/or controlled the medical equipment in the ship's medical facility aboard the subject vessel.

54.    At all times material hereto, Defendant, PRINCESS, had the ability to monitor and control each and every action and/or inaction taken or not taken by any person (including its doctor(s) and nurse(s)) working in the medical department via telephone, videoconference, Skype or otherwise.   This technology is generally referred to as "Face to Face Telemedicine."  Such modern means of communication make the location of the cruise ship effectively irrelevant and allows Defendant, PRINCESS to directly control the medical care its doctors and nurses provide to passengers on the ship.

55.    At all times material hereto, Defendant, PRINCESS' doctor(s) and nurse(s) were in the regular, full-time employment of the ship, as salaried member(s) of the crew, subject to the ship's discipline and the master's orders, and also under the control of Defendant, PRINCESS' shoreside medical department through modern means of communication such as "Face to Face Telemedicine."

56.    At all times material hereto, Defendant, PRINCESS is vicariously liable for the acts/omissions of its doctor(s) and nurse(s) shipboard and/or shoreside based on the following:

a.  They worked in the ship's medical facility aboard the vessel, which was owned and/or operated by Defendant, PRINCESS; and/or

b.  They wore a ship's uniform provided by Defendant, PRINCESS; and/or

c.  They wore badges and/or name plates containing the word "PRINCESS" and/or containing a Defendant, PRINCESS' logo; and/or

d.  They represented themselves as the "ship's medical crew" to the Plaintiff; and/or

e.  The Ship's Doctors were called ship's officer(s) by Defendant, PRINCESS, the ship's officers and the crew; and/or

f.  They ate with the ship's crew; and/or

g.  They slept in the ship's crew quarters; and/or

h.  They were under the commands of the ship's officers and followed all of the master's rules and regulations; and/or;

i.  Their charges for medical treatment and medicine were charged directly to passenger's "Sail & Sign" account (or the equivalent shipboard credit card) linked to Defendant, PRINCESS; and/or

j.  They communicated directly with Defendant, PRINCESS (to the captain and to unknown persons in Defendant, PRINCESS' shore side office)

18

while providing treatment to the Plaintiff; and/or

k.  The literature provided by Defendant, PRINCESS and its representatives showed the doctor(s) and/or nurse(s) as crewmembers and employees of Defendant, PRINCESS;

l.  There were Defendant, PRINCESS insignias in various places inside the ship's medical facility where the Defendant, PRINCESS's doctors and nurses worked; and/or

m.  They were employed full-time by Defendant, PRINCESS; and/or

n.  They were paid a salary by Defendant, PRINCESS; and/or

o.  They never provided the Plaintiff with any documentation or notice that they were not employed by Defendant, PRINCESS; and/or

p.  They spoke to the Plaintiff (s) as though they had authority to do so by Defendant, PRINCESS.

57.  On or about January 22, 2019, Defendant, PRINCESS' agents and/or employees and/or servants, including the ship and shore-based doctors and/or nurses, breached their duty to provide Plaintiff with reasonable care under the circumstances, and Plaintiff was thereby separately injured by:

a.  Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

b.  Failing to timely and properly assess the condition of the Plaintiff; and/or

c.  Failing to timely and properly diagnose Plaintiff's medical condition,

including the failure to take and/or interpret x-ray imaging studies; and/or

d.  Failing to order appropriate tests and/or interpret same to assess the condition of the Plaintiff; and/or

e.  Failing to properly administer tests performed on the Plaintiff; and/or

f.  Failing to properly monitor the Plaintiff; and/or

g.  Failing to properly evaluate and re-evaluate the Plaintiff before releasing her from their supervision; and/or

h.  Failing to promptly obtain consultations with appropriate specialists; and/or

i.  Failing to promptly have Plaintiff seen by a physician; and/or

j.  Failing to equip the ship with proper and/or working imaging equipment, such as x-ray machines;

k.  Committing a substantial departure from the accepted standards of reasonable medical care and treatment for a Defendant, PRINCESS' shoreside and shipboard doctors and/or nurses; and/or

l.  Breaching the prevailing professional standard of care for said health care providers, to wit: that level of care, skill and treatment which, in light of all relevant surrounding circumstances as recognized as acceptable and appropriate by a reasonably prudent similar health care provider.

58.    At all material times, Defendants had exclusive custody and control of the above-named vessel.

59.     As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.


## **Prayer for Relief**

WHEREFORE, the Plaintiff respectfully request the Court enter judgment in her favor and against the Defendants as follow:

1.     To enter judgment in favor of the Plaintiff against Defendants on all causes of action as alleged herein;

2.     To award compensatory damages in the amount to be ascertained at trial;

3.     To award costs of suit and attorney's fees, as permitted by law;

4.     For prejudgment interest according to proof; and

5.     To enter such other and further relief as the Court deems just under the

21

1    circumstances.

2

3    ### **Demand for Jury Trial**

4    Plaintiff, AUDREY HAYES, hereby demands a trial by jury on all claims for

5

6    relief.

7

8    LIPCON MARGULIES ALSINA & WINKLEMAN

9    DATED: March 4, 2020.

10

11    BY: *s/ Carol L. Finklehoffe*

12    CAROL L. FINKLEHOFFE
      *Attorney for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28